**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11259

Non-Argument Calendar

————————————

SANTOS RAMIRO HERNANDEZ-GALINDO,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A094-369-050

————————————

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Santos Ramiro Hernandez-Galindo, who was ordered removed in absentia in 2002, seeks review of the decision of the Board of Immigration Appeals affirming the immigration judge's

denial of his 2023 motion to reopen and rescind the order of removal. Hernandez-Galindo argues that the Board of Immigration Appeals abused its discretion in concluding that: (1) his failure to appear at his removal hearing was not due to lack of notice; (2) his objection to the notice to appear was untimely; and (3) he could not file an untimely motion to reopen to seek asylum because he had not shown changed country conditions. The Board of Immigration Appeals did not abuse its discretion, so we deny his petition.

## I.

Hernandez-Galindo, a citizen of El Salvador, entered the United States without inspection in 1998. Four years later, he was served with a notice to appear, which charged him with being removable under 8 U.S.C. § 1182(a)(6)(A)(i) for being an alien present without being admitted or paroled. The notice to appear ordered him to appear before an immigration judge at a day and time "to be set." The notice to appear instructed him to provide his contact information and keep it current throughout the proceedings. The notice warned him that if he failed to attend his hearing, he could be ordered removed in absentia.

Hernandez-Galindo provided an updated address. A few weeks later, a notice of hearing was mailed to that address. He failed to appear at his hearing, and an immigration judge ordered him removed in absentia.

Recently, Hernandez-Galindo filed a counseled motion to rescind his removal order and reopen removal proceedings. In the motion and an attached affidavit, Hernandez-Galindo stated: (1) he

first entered the United States in 1998; (2) he applied for and was granted Temporary Protected Status from 2001 to 2002; (3) in 2002, he was arrested at his workplace because he did not have his Temporary Protected Status credentials, and while in custody, he was served with his notice to appear; (4) he hired an immigration attorney who told him that she would appear on his behalf; (5) he was released without a bond because the government verified he had Temporary Protected Status; (6) he returned to El Salvador to attend to a family emergency because his attorney told him he could leave; (7) he had been residing at the address he had provided to DHS before leaving for El Salvador; (8) he could not return to the United States because he had not obtained permission to leave; (9) he and his wife later fled to the United States after she started receiving death threats; and (10) he applied for asylum with United States Citizenship and Immigration Services, but USCIS rejected his application because of his removal order. Hernandez-Galindo acknowledged that he could not remember all of the facts of past events. He attached his 2001–2002 work authorization card, the notice of appearance by his former attorney, and USCIS's denial of his asylum application.

In his motion to reopen and rescind, Hernandez-Galindo asserted that the general 90-day and extended 180-day filing deadlines for such motions did not apply to (1) a motion to rescind an in absentia removal order based on lack of notice, or (2) a motion to reopen to apply for asylum based on changed country conditions.

He argued that his failure to appear at his removal hearing was due to exceptional circumstances: the ineffective assistance of his prior counsel and his lack of notice. He asserted that his attorney told him that he could leave the country and that his case would be dismissed. Finally, he argued that the immigration judge should reopen proceedings to adjudicate his asylum application because country conditions had changed. In his application for asylum, Hernandez-Galindo stated that he and his wife had begun receiving death threats from MS-13.

His supporting documents included a news article about El Salvador's homicide rate from 2010 to 2023. The article stated that 2022 was the safest year El Salvador had experienced since the end of its civil war, with a 56.84% reduction in the murder rate from 2021. The murder rate had generally fallen between 2010 and 2023. Hernandez-Galindo attached other reports: the Department of State's travel advisory, which advised reconsidering travel to El Salvador due to violent crime; the U.S. Embassy's Trafficking in Persons Report, which warned that the government was not increasing its efforts to eliminate trafficking; and a Human Rights Watch report stating that gangs controlled some neighborhoods and the government had declared a state of emergency in 2022 in response to gang violence.

The immigration judge denied Hernandez-Galindo's motion, concluding that it was untimely. The immigration judge explained that although there is an exception to the 90-day and 180-

day deadlines if a petitioner can show that he lacked notice, Hernandez-Galindo did not qualify for this exception. The government had provided evidence that it sent a notice of hearing to the address Hernandez-Galindo had provided and that it was not returned to sender, creating a presumption that he received notice. The immigration judge reasoned that even though Hernandez-Galindo asserted that he did not receive notice because his lawyer had told him he could leave the country, Hernandez-Galindo did not comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), for asserting an ineffective assistance of counsel claim. The immigration judge also acknowledged that a noncitizen could file a motion to reopen at any time if the noncitizen sought to apply for asylum. But, the immigration judge determined, the country evidence reflected a reduction in homicides and gang activity.

Hernandez-Galindo appealed to the Board of Immigration Appeals. He repeated the arguments that he had made to the immigration judge, adding that the notice to appear was deficient because it lacked the time and place of his hearing. Hernandez-Galindo also asserted that the immigration judge failed to consider how his marriage and improved financial status had increased his and his family's risk of gang violence. He added that he had promptly hired counsel upon learning of his removal order and had no incentive to abandon his removal proceedings given his Temporary Protected Status and valid work authorization.

The Board of Immigration Appeals dismissed Hernandez-Galindo's appeal. It first determined that his motion was untimely and that he had failed to establish lack of notice. The Board explained that Hernandez-Galindo had not offered affidavits from anyone else to corroborate his asserted lack of notice. The Board added that Hernandez-Galindo had not explained what efforts he had made to ameliorate his immigration status, undermining his claimed lack of notice. The Board also determined his ineffective assistance of counsel claim failed under *Lozada*. The Board next determined that Hernandez-Galindo had forfeited any objection to the notice to appear because he should have raised his objection at his removal hearing. The Board also determined that Hernandez-Galindo had not shown a change of country conditions because crime was decreasing and a change in personal circumstances is insufficient to show changed country conditions.

Hernandez-Galindo filed a petition for judicial review.

## II.

We review the Board of Immigration Appeals's denial of a motion to reopen for abuse of discretion. *Flores-Panameno v. U.S. Att'y Gen.*, 913 F.3d 1036, 1040 (11th Cir. 2019). We review any underlying legal conclusions of that decision *de novo*. *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007).

## III.

Hernandez-Galindo raises three issues on appeal. First, he argues that his motion to reopen and rescind was timely because

his failure to appear was due to lack of notice. Second, he argues that he did not forfeit his objection to the notice to appear because he never had the opportunity to object due to lack of notice. Third, he argues that the Board of Immigration Appeals abused its discretion in concluding that he had failed to show changed country conditions. For the following reasons, we reject each of Hernandez-Galindo's arguments.

*A.*

First, the Board of Immigration Appeals did not abuse its discretion in denying Hernandez-Galindo's motion to reopen and rescind as untimely because he did not overcome the presumption that he had received the correctly addressed notice of hearing.

An in absentia removal order normally triggers a 180-day window for filing a motion to reopen and rescind. 8 U.S.C. § 1229a(b)(5)(C), (c)(7)(C)(i). A petitioner may file outside of this 180-day window if he can establish that he did not receive notice of the removal hearing. *Id.* DHS may provide notice by mail, 8 U.S.C. § 1229(a)(1), (2)(A), and such service "shall be sufficient if there is proof of attempted delivery to the last address provided by the alien." 8 U.S.C. § 1229(c).

Hernandez-Galindo argues that, even though he filed his motion outside the 180-day window, it was timely because he did not receive notice of the removal hearing. He argues that he overcame the presumption that he had received the notice of hearing in the mail because he testified that he never received it and the

immigration judge did not find his testimony incredible. Hernandez-Galindo adds that he corroborated this testimony by providing his employment authorization card and his attorney's notice of appearance to show that he had an incentive to appear at his hearing. He also emphasizes that he was diligent in seeking to rescind his removal order once he learned about it.

The government responds that Hernandez-Galindo did not prove lack of notice because the notice of hearing was mailed to the address that he had provided and he submitted no evidence from others to corroborate his testimony. The government adds that even though Hernandez-Galindo claims he had an incentive to appear at his removal hearing, he made no effort to follow up with counsel about the outcome of his removal proceedings or ameliorate his immigration status for over twenty years.

Hernandez-Galindo's motion is untimely because he has not overcome the presumption that he received the notice of hearing. The Board of Immigration Appeals applies a presumption of receipt when a correctly addressed notice is sent by regular mail. *Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (BIA 2008). We have upheld application of this presumption to regular mail. *Dragomirescu v. U.S. Att'y Gen.*, 44 F.4th 1351, 1357 (11th Cir. 2022). DHS provided evidence that it sent a correctly addressed notice of hearing to Hernandez-Galindo's reported address, creating a presumption of receipt. And although Hernandez-Galindo stated that he did not receive the notice of hearing, neither the immigration judge nor the

Board of Immigration Appeals were required to accept his statement. *See Garland v. Ming Dai*, 593 U.S. 357, 365–73 (2021). The fact that the notice to appear did not provide hearing information does not change this outcome because the later notice of hearing supersedes any earlier notice to appear. *Campos-Chaves v. Garland*, 602 U.S. 447, 459–61 (2024). And, to the extent that Hernadez-Galindo argues that he was diligent in seeking to rescind his removal order upon returning to the United States, he provided no evidence of diligence before that date even though he was aware of ongoing removal proceedings.

In sum, the Board of Immigration Appeals did not abuse its discretion in affirming the immigration judge's determination that Hernandez-Galindo's motion was untimely because he did not overcome the presumption that he had received the notice of hearing.

*B.*

Second, the Board of Immigration Appeals did not abuse its discretion in concluding that Hernandez-Galindo forfeited his objection to the notice to appear. Hernandez-Galindo argues that the notice to appear was defective, it was not cured by the subsequent notice of hearing, and he never had a chance to object before the close of pleadings because he lacked notice of his removal proceedings. The government argues that Hernandez-Galindo's objection is untimely and, even assuming that he could raise this objection in his instant motion, he forfeited the objection by waiting to raise it for the first time in briefing to the Board of Immigration Appeals.

A notice to appear can be defective if it does not include information about the time and place of removal proceedings, 8 U.S.C. § 1229(a)(1), but a deficient notice to appear is a claim-processing rule that can be forfeited if the noncitizen waits too long to raise it. *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1157 (11th Cir. 2019); *see Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1359–60 (11th Cir. 2013) (en banc). An objection to a notice to appear is timely if it is raised before the close of proceedings before the immigration judge. *Leger v. U.S. Att'y Gen.*, 101 F.4th 1295, 1309 (11th Cir. 2024) (citing *In re Fernandes*, 28 I. & N. Dec. 605, 607–08, 611–13 (BIA 2022)).

The Board of Immigration Appeals did not abuse its discretion in concluding that Hernandez-Galindo forfeited his objection to the notice to appear. Hernandez-Galindo did not meet his burden of showing that he did not receive notice of his removal hearing, so the Board of Immigration Appeals did not exceed its discretion in concluding that he already had the opportunity to object to the notice to appear. Accordingly, we deny Hernandez-Galindo's petition on this ground.

*C.*

Third, Hernandez-Galindo did not show materially changed country conditions in El Salvador to support his untimely motion to reopen for asylum proceedings. Although Hernandez-Galindo's motion to reopen was untimely under the normal time limits, there is an exception if the motion to reopen is to reapply for asy-

lum or withholding of removal "based on changed country conditions . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii).

Hernandez-Galindo argues that the Board of Immigration Appeals abused its discretion in concluding that the country conditions in El Salvador had not materially changed. He explains that he provided evidence that showed changed country conditions and that these facts were unavailable in 2002. He disputes the Board's conclusion that conditions in El Salvador have improved since 2002 because the record contains no evidence from 2002. He also asserts that his asylum claim is not based solely on personal circumstances, but also on escalating homicide numbers that prompted El Salvador to declare a state of emergency.

The government responds that Hernandez-Galindo has failed to prove changed conditions, explaining that a petitioner must make a meaningful comparison between the conditions at the time of the removal hearing and the conditions at the time he files the motion to reopen. Hernandez-Galindo has not satisfied this standard because he submitted evidence only about current conditions. The government adds that the Board did not err in determining that the evidence reflected improved country conditions. The government concludes that being personally threatened does not reflect a change in country conditions.

We agree with the government. The Board of Immigration Appeals did not abuse its discretion in concluding that Hernandez-

Galindo did not show materially changed country conditions in El Salvador. "An alien who attempts to show that the evidence is material [for purposes of reopening] bears a heavy burden." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256–57 (11th Cir. 2009). Hernandez-Galindo did not meet this heavy burden because he did not submit evidence of country conditions in 2002 for the Board to compare with current country conditions. The Board also did not abuse its discretion in concluding that the evidence Hernandez-Galindo did submit showed that crime in El Salvador had been decreasing. The evidence shows that homicides and gang-related activity have generally decreased between 2015 and 2022. And although some evidence suggested an increase in government force due to the state of emergency, this evidence is not material to Hernandez-Galindo's fear of persecution by gang members. Finally, a change in Hernandez-Galindo's personal risk of persecution—as opposed to the country conditions informing that risk—does not carry his burden of showing changed country conditions. *See Jiang*, 568 F.3d at 1258. We thus deny Hernandez-Galindo's petition on this ground.

## IV.

For the foregoing reasons, Hernandez-Galindo's petition is **DENIED.**